# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JESSE GILLIAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BARBARA HOPE O'NEILL, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01711-DAD-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO CORRECT PARTY NAME SPELLING<br><br>ORDER GRANTING DEFENDANTS BUDDY MENDES' AND BRIAN PACHECO'S REQUESTS FOR EXTENSIONS OF TIME TO FILE RESPONSIVE PLEADINGS<br><br>(ECF Nos. 12, 13) |

## I.

## BACKGROUND

William Jesse Gilliam ("Plaintiff"), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Barbara Hope O'Neill, the County of Fresno, Phil Larson, Susan B. Anderson, Henry R. Perea, Judy Case McNairy, Deporah Poochigian, Andreas Boregas, Buddy Mendez,[1] Brian Pacheco, Ken Taniguchi, and Elizabeth Diaz ("Defendants") based on delays in bringing him to trial on allegations that he was a sexually violent predator.

On February 11, 2020, due to the upcoming scheduling conference, an order issued requiring Plaintiff to either file proof of service of the summons and complaint on the defendants

---

[1] Defendants' filings indicate that while the docket currently spells a defendant's name as "Buddy Mendez," the correct spelling is "Buddy Mendes." (ECF Nos. 12, 13.) The Court shall direct the Clerk of the Court to update the docket to reflect the correct spelling.

1

or a notice regarding the status of service on the defendants within fourteen days. (ECF No. 6.) More than fourteen days passed without Plaintiff complying with or otherwise responded to the February 11, 2020 order. On March 4, 2020, findings and recommendations were filed recommending that this action be dismissed for Plaintiff's failure to comply with the February 11, 2020 order and failure to prosecute. (ECF No. 8.) Plaintiff was to file objections within fourteen days. On March 10, 2020, proofs of service were returned showing that Brian Pacheco and Buddy Mendes were served on March 6, 2020.[2] Plaintiff did not file objections to the March 4, 2020 findings and recommendations or otherwise directly respond. On March 25, 2020, the Court issued an order requiring Plaintiff to show cause within fourteen days as to why certain Defendants should not be dismissed for the failure to serve in compliance with Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 11.) The order also specified that the failure to file a response to the order to show cause would result in the action being dismissed for failure to obey a court order and failure to prosecute. (Id. at 3.)

On March 26, 2020, Defendants Brian Pacheco and Buddy Mendes filed requests for extensions of time to file responsive pleadings. (ECF Nos. 12, 13.) Specifically, Defendants request that the time to file an answer or otherwise respond to Plaintiff's complaint be extended until ten (10) days after the disposition of the Court's March 25, 2020 order to show cause. (Id.) As explained herein, the Court shall grant Defendants' requests.

## II.

## DISCUSSION

Federal Rule of Civil Procedure 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'

---

[2] The Court does not address whether the defendants were properly served in this order.

2

" Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir.2010) (quoting Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir.1983)) (alteration in original). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally. . . be granted in the absence of bad faith or prejudice to the adverse party.' " Ahanchian, 624 F.3d at 1259 (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)) (alteration in original). The "good cause" standard "is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." Ahanchian, 624 F.3d at 1259.

Based on the pending order to show to cause issued on March 25, 2020 (ECF No. 11), the Court finds good cause to grant Defendants Buddy Mendes' and Brian Pacheco's requests for extensions of time to file responsive pleadings.

### III.
### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is DIRECTED to update the docket to change the spelling of "Buddy Mendez" to "Buddy Mendes" to reflect the correct spelling of Defendant's name;

2. Defendants Buddy Mendes' and Brian Pacheco's requests for extensions of time (ECF Nos. 12, 13) are GRANTED; and

3. Defendants Buddy Mendes and Brian Pacheco shall file responsive pleadings within ten (10) days of disposition of the Court's March 25, 2020 order to show cause (ECF No. 11).

IT IS SO ORDERED.

Dated: **March 27, 2020**

_____
UNITED STATES MAGISTRATE JUDGE