UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JESSE GILLIAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARBARA HOPE O'NEILL, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01711-DAD-SAB<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS; DISCHARGING ORDER TO SHOW CAUSE; GRANTING EX-PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE COMPLAINT; DENYING PLAINTIFF'S MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING; AND DIRECTING DEFENDANTS MENDEZ AND PACHECO TO FILE A RESPONSIVE PLEADING<br><br>(ECF Nos. 8, 11, 15, 16) |

William Jesse Gilliam ("Plaintiff"), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Barbara Hope O'Neill, the County of Fresno, Phil Larson, Susan B. Anderson, Henry R. Perea, Judy Case McNairy, Deporah Poochigian, Andreas Boregas, Buddy Mendez, Brian Pacheco, Ken Taniguchi, and Elizabeth Diaz ("Defendants") based on delays in bringing him to trial on allegations that he was a sexually violent predator. On February 11, 2020, due to the upcoming scheduling conference, an order issued requiring Plaintiff to either file proof of service of the summons and complaint on the defendants or a notice regarding the status of service on the defendants within fourteen days. Plaintiff did not comply or otherwise respond to the February 11, 2020 order.

1  On March 4, 2020, findings and recommendations were filed recommending that this
2 action be dismissed for Plaintiff's failure to comply with the February 11, 2020 order and failure
3 to prosecute.  Plaintiff was to file objections within fourteen days.  On March 10, 2020, proofs of
4 service were returned showing that Brian Pacheco and Buddy Mendez were served on March 6,
5 2020.  Plaintiff did file objections to the March 4, 2020 findings and recommendations or
6 otherwise respond.

7  On March 25, 2020, an order was filed requiring Plaintiff to show cause within fourteen
8 days why the unserved defendants should not be dismissed from this action for failure to serve.
9 On March 26, 2020, Defendants Pacheco and Mendez' application for an extension of time to
10 respond to the complaint was granted.

11  On April 24, 2020, Plaintiff filed an untimely *ex parte* application for an extension of
12 time to serve the complaint and a motion for permission for electronic case filing.

13  Plaintiff has demonstrated a complete disregard for the Federal Rules and orders of this
14 Court.  The February 11, 2020 order required Plaintiff to file proofs of service or a notice of the
15 status of service within fourteen days.  Plaintiff did not start service of the complaint until
16 February 25, 2020, despite the fact that service was required to be effected within ninety days of
17 December 9, 2019 pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Further, while
18 Plaintiff could not file proofs of service within fourteen days of the February 11, 2020 order
19 because he had not started process of service of the complaint, he did not file a notice of status of
20 service as required by the February 11, 2020 order.

21  Plaintiff was required to file objections to the March 4, 2020 findings and
22 recommendations within fourteen days and did not file timely objections.  Plaintiff was required
23 to show cause why the unserved defendants should not be dismissed for failure to comply with
24 Rule 4(m) of the Federal Rules of Civil Procedure within fourteen days of March 25, 2020 and
25 he did not timely comply with the order.  It was not until April 24, 2020 that Plaintiff filed a
26 response seeking an extension of time to serve the complaint.

27  It is clear from Plaintiff's request for an extension of time that he has received the prior
28 orders and findings and recommendations.  Plaintiff states that he has been busy working.

However, Plaintiff chose to file this matter and his work schedule is not good cause for the multiple failures to comply that are documented here.  Although Plaintiff is proceeding *pro se* in this action he is required to familiarize himself with the Local Rules of the Eastern District of California and the Federal Rules of Civil procedure.  Plaintiff is advised that the Fresno Division of the Eastern District of California now has one of the heaviest District Judge caseloads in the entire nation.  This Court does not have the resources to babysit Plaintiff to move this matter forward.  Plaintiff has failed to show good cause for his complete failure to comply with the orders of the court.

Despite Plaintiff's previous failures to comply, due to Plaintiff's *pro se* status he will be provided with one final opportunity to serve the complaint.  But Plaintiff is advised that further failure to comply with any order of this court may result in the immediate dismissal of this action.

Plaintiff seeks permission to file using the electronic case filing system.  Pursuant to the Local Rules , a *pro se* party shall file and serve paper documents as required by the Rule.  Local Rule 133(a).  A party appearing *pro se* may request an exception to the paper filing requirement from the court by filing a stipulation of the parties or by motion.  Local Rule 133(b)(2), (3). Upon review of Plaintiffs' request, the Court finds that this action does not warrant an exception to the Local Rule.  Plaintiff's request for permission to use the electronic case filing system is denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The March 4, 2020 findings and recommendations (ECF No. 8) is VACATED;
2. The March 25, 2020 order to show cause (ECF No. 11) is DISCHARGED;
3. Plaintiff's *ex parte* application for an extension of time to serve the complaint (ECF No. 15) is GRANTED and Plaintiff shall serve the complaint within **forty-five (45) days** of the date of service of this order;
4. Plaintiff SHALL FILE PROOFS OF SERVICE within **three (3) days** of the date a defendant is served;
5. Plaintiff's motion for permission to use the electronic case filing system (ECF No.

3

16) is DENIED;

6. Defendants Brian Pacheco and Buddy Mendez shall file a response to the complaint within **ten (10) days** of the date of service of this order; and

7. Plaintiff is advised that failure to comply with this order will result in the issuance of sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

Dated: **April 27, 2020**

UNITED STATES MAGISTRATE JUDGE