# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JESSE GILLIAM,<br><br>    Plaintiff,<br><br>    v.<br><br>BARBARA HOPE O'NEILL, et al.,<br><br>    Defendants. | Case No.  1:19-cv-01711-DAD-SAB<br><br>ORDER DIRECTING CLERK OF THE COURT TO ISSUE CORRECTED SUMMONS FOR DEFENDANTS BARBARA HOPE O'NEILL, HENRY R. PEREA, DEPORAH POOCHIGIAN, AND KEN TANIGUCHI AND REQUIRING PLAINTIFF TO EFFECT SERVICE OF SUMMONS AND COMPLAINT WITHIN FOURTEEN DAYS<br><br>(ECF No. 3) |

William Jesse Gilliam ("Plaintiff"), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Barbara Hope O'Neill, the County of Fresno, Phil Larson, Susan B. Anderson, Henry R. Perea, Judy Case McNairy, Deporah Poochigian, Andreas Boregas, Buddy Mendez, Brian Pacheco, Ken Taniguchi, and Elizabeth Diaz ("Defendants") based on delays in bringing him to trial on allegations that he was a sexually violent predator. On December 11, 2019, the summonses issued in this matter. (ECF Nos. 2, 3.)

On February 11, 2020, an order was filed requiring Plaintiff to file proofs of service or a notice of the status of service within fourteen days. (ECF No. 6.) On March 4, 2020, a findings and recommendations issued recommending that this action be dismissed due to Plaintiff's failure to comply with the February 11, 2020 order. (ECF No. 8.) Plaintiff was served with the

findings and recommendations which provided notice that objections to the findings and recommendations were to be filed within fourteen days. (Id.) Plaintiff did not file objections, but on March 10, 2020, proofs of service were filed for Defendants Pacheco and Mendez. (ECF Nos. 9, 10.) On March 25, 2020, an order issued requiring Plaintiff to show cause within fourteen days why the remaining defendants should not be dismissed for Plaintiff's failure to serve in compliance with Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 11.) On March 27, 2020, Defendants Pacheco and Mendez' *ex parte* motion for an extension of time to respond to the complaint was granted. (ECF Nos. 13, 14.)

On April 24, 2020, Plaintiff filed an *ex parte* motion for a forty-five day extension of time to serve the complaint and a motion for permission for electronic case filings. (ECF Nos. 15, 16.) On April 27, 2020, the findings and recommendations recommending dismissal of this action was vacated, Plaintiff was granted an extension of time to serve the complaint, Plaintiff's motion for permission for electronic case filing was denied, and Defendants Mendez and Pacheco were ordered to file a responsive pleading. (ECF No. 17.) Plaintiff was ordered to effect service of process on the unserved defendants within forty-five days of April 27, 2020, and to file proofs of service within three days of effecting service on the defendant. (Id. at 3.) Plaintiff was also advised that failure to comply with the order would result in the issuance of sanctions, up to and including dismissal of this action. (Id. at 4.) On May 7, 2020, Defendants County of Fresno, Buddy Mendez, and Brian Pacheco filed a motion to dismiss this action for failure to state a claim. (ECF Nos. 18-19.)

Pursuant to the April 27, 2010, order, Plaintiff was required to effect service of process on the unserved defendants by June 15, 2020.[1] On June 15, 2020, Plaintiff sent an e-mail to the court stating:

> Ms. Marianne Matherly, I am William Jesse Gilliam, 1:19-cv-01711. I found a problem with Document #3. Summons issued on 12-11-2019. As an attachment you should find a copy of Documents 2 and 3.
>
> Document #2 (SUMMONS ISSUED as to *Susan B. Anderson, Andreas Boregas,

---

[1] Pursuant to the May 8, 2020 order, Plaintiff has three days from the date of service to file proofs of service in this action.

> County of Fresno, Elizabeth Diaz, Phil Larson, Judy Case McNairy*) has half of the defendants and Document #3 (SUMMONS ISSUED as to *Buddy Mendez, Barbara Hope O'Neill, Brian Pacheco, Henry R. Perea, Deporah Poochigian, Ken Taniguchi*) has the other half.
>
> As you can see in Document #2 it is correct.  All parties were served and as to Document #3 I cannot.  Will you please send me a corrected copy of Document #3?
>
> Will you please send it to me through an email so I can make service?

First, as Plaintiff was previously advised in the April 27, 2020 order denying his motion for permission to file electronically, "[p]ursuant to the Local Rules , a *pro se* party shall file and serve paper documents as required by the Rule.  Local Rule 133(a).  Neither the Clerk's Office nor the Court will communicate with Plaintiff by e-mail.  Plaintiff is required to communicate to the Court by filing items in the docket by United States mail.

Next, it is clear to the Court that Plaintiff has failed to diligently serve the complaint in this action.  Despite multiple orders directing Plaintiff to serve the defendants, it was not until June 15, 2020, the deadline by which the time to serve had been extended, and more than six months after Plaintiff had been ordered to "diligently pursue service of the summons and complaint and dismiss those defendants against whom plaintiff will not pursue claims" that Plaintiff informed the Court of the defective summons.  (Order Setting Mandatory Scheduling Conference 1, ECF No. 4.)

Upon review of the summons, the Court does find that it was defective as it fails to identify the defendants or the individual who is to be served with the answer to the complaint.  The defective summons was issued to Buddy Mendez, Barbara Hope O'Neill, Brian Pacheco, Henry R. Perea, Deporah Poochigian, and Ken Taniguchi.  (ECF No. 3.)  Despite the defect in the summons, Defendants Mendez and Pacheco have filed a motion to dismiss for failure to state a claim.  (ECF No. 18.)  Rule 12(b) of the Federal Rules of Civil Procedure states,

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;

3

(5) insufficient service of process;
(6) failure to state a claim upon which relief can be granted; and
(7) failure to join a party under Rule 19.

Rule 12 requires that "[a]ll available Rule 12(b) defenses must be raised by a single motion." Presentation of Defenses and Objections—In General, 5B Fed. Prac. & Proc. Civ. § 1347 (3d ed.); see Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion"). "A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987). Since Defendants Pacheco and Mendez did not raise the defect in the summons in their Rule 12(b) motion, they have waived the defect in service. Fed. R. Civ. P. 12(h). Accordingly, the Court finds that it is unnecessary for the summons to be reissued as to these defendants.

Despite the finding that Plaintiff has not been diligent in effecting service in this action, Plaintiff is proceeding *pro se* and the summons that was issued contained an error. For these reasons, the Court shall provide Plaintiff with one final opportunity to serve Defendants Barbara Hope O'Neill, Henry Perea, Deporah Poochigian, and Ken Taniguchi with the summons and complaint. However, Plaintiff has had over six months to effect service of process, has failed to diligently pursue service, so will therefore only be provided with a limited time for service to be effected.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff SHALL EFFECT SERVICE OF PROCESS of the summons and complaint on Defendants Barbara Hope O'Neill, Henry Perea, Deporah Poochigian, and Ken Taniguchi within **fourteen (14) days** from the date of service of this order;

2. Within **three (3) days** of effecting service, Plaintiff SHALL FILE the proof of service for each defendant;

3. The Office of the Clerk is DIRECTED to issue corrected summonses for

Defendants Barbara Hope O'Neill, Henry Perea, Deporah Poochigian, and Ken Taniguchi; and

4. If Plaintiff fails to effect service in compliance with this order, the Court will recommend that the defendants be dismissed from this action as a sanction for the failure to comply.

IT IS SO ORDERED.

Dated:  **June 16, 2020**

UNITED STATES MAGISTRATE JUDGE