# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIAM JESSE GILLIAM,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA HOPE O'NEILL, et al.,<br><br>Defendants. | Case No. 1:19-cv-01711-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING DEFENDANTS ELIZABETH DIAZ AND PHIL LARSON FOR FAILURE TO SERVE IN COMPLIANCE WITH RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 17)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |
|---|---|

William Jesse Gilliam ("Plaintiff"), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Barbara Hope O'Neill, the County of Fresno, Phil Larson, Susan B. Anderson, Henry R. Perea, Judy Case McNairy, Deporah Poochigian, Andreas Boregas, Buddy Mendez, Brian Pacheco, Ken Taniguchi, and Elizabeth Diaz ("Defendants") based on delays in bringing him to trial on allegations that he was a sexually violent predator. On December 11, 2019, summonses and the order setting the mandatory scheduling conference issued in this action. (ECF Nos. 2, 3, 4.)

Pursuant to the order setting the mandatory scheduling conference, Plaintiff was ordered to serve the defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure and to promptly file proofs of service. (ECF No. 4 at 1-2.) Plaintiff was advised that the failure to timely serve the summons and complaint may result in the imposition of sanctions, including dismissal of the unserved defendants. (Id. at 2.) Further the December 11, 2019 informational

1

1  order informed Plaintiff that he was to comply with the Federal Rules of Civil Procedure and the
2  Local Rules of the Eastern District of California and "**Failure to comply with Local Rules,**
3  **federal rules or a court order, including this order, will be grounds for dismissal, entry of**
4  **default or other appropriate sanctions.**" (ECF No. 4-3 at 1 (emphasis in original)).  Plaintiff
5  was also advised that all Court deadlines would be strictly enforced.  (Id. at 3.)  Finally, Plaintiff
6  was informed that "The failure of any party to comply with this order, the Federal Rules of Civil
7  Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but
8  not limited to, dismissal of the action or entry of default."  (Id. at 5.)

9  　　　　On February 11, 2020, with the mandatory scheduling conference approaching, an order
10  issued requiring Plaintiff to file proofs of service or notify the Court of the status of service on
11  the Defendants within fourteen days.  (ECF No. 6.)  Plaintiff was advised that the failure to
12  comply could result in the issuance of sanctions, up to and including dismissal of this action.  (Id.
13  at 2.)  On February 24, 2020, the mandatory scheduling conference was continued to June 9,
14  2020, to allow for service of the complaint and an answer to be filed.  (ECF No. 7.)

15  　　　　Plaintiff did not respond to the February 11, 2020 order, and on March 4, 2020, a findings
16  and recommendations issued recommending that this action be dismissed for Plaintiff's failure to
17  comply with court orders.  (ECF No. 8.)  Plaintiff was served with the findings and
18  recommendations and informed that objections were due within fourteen days.  (Id. at 3-4.)
19  Plaintiff did not file objections to the March 4, 2020 findings and recommendations.

20  　　　　On March 10, 2020, Plaintiff returned proofs of service showing that Defendants Brian
21  Pacheco and Buddy Mendez had been served on March 6, 2020.  (ECF Nos. 9, 10.)  On March
22  25, 2020, an order issued requiring Plaintiff to show cause in writing within fourteen days why
23  certain defendants should not be dismissed for failure to serve in compliance with Rule 4(m) of
24  the Federal Rules of Civil Procedure.  (ECF No. 11.)  On March 26, 2020, Defendants Mendez
25  and Pacheco filed ex parte requests for an extension of time to serve a responsive pleading which
26  were granted.  (ECF Nos. 12, 13, 14.)  Plaintiff did not respond to the March 25, 2020 order to
27  show cause.

28  　　　　On April 24, 2020, Plaintiff filed an untimely ex parte motion for an extension of time to

serve the complaint and a motion for permission for electronic case filing. (ECF Nos. 15, 16.) On April 27, 2020, an order issued vacating the March 4, 2020 findings and recommendations, granting the ex parte application for an extension of time to serve Defendants Barbara Hope O'Neill, the County of Fresno, Phil Larson, Susan B. Anderson, Henry R. Perea, Judy Case McNairy, Deporah Poochigian, Andreas Boregas, Ken Taniguchi, and Elizabeth Diaz ("Unserved Defendants") with the summons and the complaint, denying Plaintiff's motion for permission for electronic case filing, and directing Defendants Mendez and Pacheco to file a responsive pleading. (ECF No. 17.) The April 27, 2020 order stated,

> Although Plaintiff is proceeding pro se in this action he is required to familiarize himself with the Local Rules of the Eastern District of California and the Federal Rules of Civil Procedure. Plaintiff is advised that the Fresno Division of the Eastern District of California now has one of the heaviest District Judge caseloads in the entire nation. This Court does not have the resources to babysit Plaintiff to move this matter forward. Plaintiff has failed to show good cause for his complete failure to comply with the orders of the court.
>
> Despite Plaintiff's previous failures to comply, due to Plaintiff's pro se status he will be provided with one final opportunity to serve the complaint. But Plaintiff is advised that further failure to comply with any order of this court may result in the immediate dismissal of this action.

(Id. at 3.)

Plaintiff was ordered to serve the Unserved Defendants within forty-five days of April 27, 2020 and was ordered to file proofs of service within three days of the defendant being served. (Id. at 3.) Defendants Pacheco and Mendez were ordered to file a response to the complaint within ten days. (Id. at 4.) On May 7, 2020, Defendants County of Fresno, Pacheco and Mendez filed a motion to dismiss. (ECF No. 18.)

On June 15, 2020, the deadline by which service was to have been effected, Plaintiff emailed the Clerk of the Court regarding a defect in one of the summonses that was issued in this action and an order issued directing the Clerk of the Court to reissue the summons and granting Plaintiff fourteen days to serve Defendants Barbara Hope O'Neill, Henry R. Perea, Deporah Poochigian, and Ken Taniguchi. (ECF No. 22.) The Court found that "Plaintiff has not been diligent in effecting service in this action," but since he "is proceeding pro se and the summons that was issued contained an error" Plaintiff would be provided "with one final opportunity to

serve Defendants Barbara Hope O'Neill, Henry Perea, Deporah Poochigian, and Ken Taniguchi with the summons and complaint." (ECF No. 22.) The corrected summons was issued on June 17, 2020. (ECF No. 23.)

On June 22, 2020, Plaintiff returned proofs of service on Defendants Andreas Boregas, Judy Case McNairy, and Susan B. Anderson.[1] (ECF Nos. 24.) The Court notes that although Plaintiff was ordered to file the proofs of service within three days of serving the defendants, Plaintiff did not do so. The proofs of service state that the defendants were served on June 5, 2020, and Plaintiff did not return the proofs of service until June 22, 2020, seventeen days later.

The deadline has passed for Plaintiff to serve Defendants Phil Larson and Elizabeth Diaz. Plaintiff has not complied with the April 27, 2020 order which required him to serve the defendants within forty-five days and to file proofs of service within three days of serving the individual defendant.

Rule 4(m) of the Federal Rules of Civil Procedure addresses the time requirements for service of the complaint in civil cases. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, initially Plaintiff failed to serve in compliance with Rule 4(m) and the Court granted him one final extension of time from April 27, 2020 to serve the defendants within forty five days. The time to serve has expired and Plaintiff has not filed proofs of service on Defendants Phil Larson and Elizabeth Diaz despite being ordered to do so within three days of effecting service. Plaintiff has continually demonstrated a failure to comply with orders of the court in this action and has on numerous occasions been advised that his failure to serve the defendants in compliance with the Court's orders would result in sanctions including the dismissal of the defendants from this action.

Further, Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with

---

[1] The Court notes that service in this matter did not comply with Rule 4(m) or California law. The Court will address the service should the issue be raised by the defendants or should a motion for entry of default be filed.

4

these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

In this action, Plaintiff did not serve Defendants Phil Larson and Elizabeth Diaz and file proofs of service within three days as required by the April 27, 2020 order. Plaintiff has continually demonstrated a failure to comply with orders of this court despite being advised that such failure would result in the issuance of sanctions, including dismissal of this action.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants Phil Larson and Elizabeth Diaz be dismissed from this action due to Plaintiff's failure to serve in compliance with Rule 4(m) of the Federal Rules of Civil Procedure and failure to comply with the April 27, 2020 order.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 26, 2020**

UNITED STATES MAGISTRATE JUDGE