1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM JESSE GILLIAM,                    No.  1:19-cv-01711-DAD-SAB

12                  Plaintiff,

13         v.                                   ORDER DIRECTING PLAINTIFF TO SHOW
                                                CAUSE WHY THIS ACTION SHOULD NOT
14    BARBARA HOPE O'NEILL, et al.,             BE DISMISSED FOR LACK OF
                                                PROSECUTION AND FAILURE TO OBEY
15                  Defendants.                 COURT ORDERS

16

17

18

19         Plaintiff William Jesse Gilliam is proceeding *pro se* in this civil rights action brought

20   pursuant to 42 U.S.C. § 1983.  Because it appears to the court that plaintiff has abandoned the

21   prosecution of this action, and because he has repeatedly failed to obey court orders, the court

22   will order him to show cause why this action should not be dismissed due to his failure to

23   prosecute and failure to obey court orders.

24         On December 9, 2019, plaintiff commenced this action against several defendants:

25   attorney Barbara Hope O'Neill; the County of Fresno; Fresno County Board of Supervisors Phil

26   Larson, Susan B. Anderson, Henry R. Perea, Judy Case McNairy, Deborah Poochigian,[1] Andreas

27   _____

28   [1]  On the docket, defendant Poochigian's first name appears as "De**p**orah," but this appears to be
     a typographical error.  (*See* Doc. Nos. 1 at 7; 28 at 1; 31 at 1.)

                                                1

Boregas, Brian Pacheco, and Buddy Mendes; Fresno County Public Defenders Ken Taniguchi and Elizabeth Diaz; and Doe Defendants 1–10.  (Doc. No. 1.)  The gravamen of plaintiff's complaint is that his constitutional due process right to a speedy trial was violated because he spent eight years in pretrial detention due to delays in bringing him to trial on allegations that he was a sexually violent predator.  (*See generally id.*)

On December 11, 2019, the assigned magistrate judge issued an order directing plaintiff to promptly serve the defendants in this action pursuant to Federal Rule of Civil Procedure 4, warning plaintiff that "[f]ailure to serve the summons and complaint may result in the imposition of sanctions, including dismissal of unserved defendants."  (Doc. No. 4 at 1–2.)  Plaintiff was also warned at that time that his "[f]ailure to comply with Local Rules, federal rules or a court order, including this order, will be grounds for dismissal, entry of default or other appropriate sanctions."  (Doc. No. 4-3 at 1; *see also id.* at 5.)  This order was served on plaintiff by mail at his address of record.

On February 11, 2020, with the mandatory scheduling conference set for March 3, 2020 approaching, the magistrate judge issued an order requiring plaintiff to file a proof of service or a notice of the status of service of process on defendants.  (Doc. No. 6.)  This order was served on plaintiff by mail, and again warned him that his failure to comply with the order could result in dismissal of this action.  (*Id.*)  Plaintiff did not respond to the February 11, 2020 order.

Accordingly, on March 4, 2020, the magistrate judge issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to comply with the February 11, 2020 order.  (Doc. No. 8.)  Those findings and recommendations were served on plaintiff by mail and provided plaintiff with an opportunity to object, but he did not do so.

On March 10, 2020, two summonses were returned to the court executed, indicating that defendants Pacheco and Mendes had been served with the summons and complaint on March 6, 2020.  (Doc. Nos. 9, 10.)

On March 25, 2020, the magistrate judge issued an order requiring plaintiff to show cause why the remaining defendants should not be dismissed due to his failure to serve them.  (Doc. No.

1   11.)  This order was served on plaintiff by mail.  Plaintiff did not respond to the March 25, 2020

2   order to show cause, but on April 24, 2020, he filed an untimely *ex parte* motion for an extension

3   of time to serve the remaining defendants.  (Doc. No. 15.)

4          On April 27, 2020, the magistrate judge granted plaintiff's *ex parte* motion for an

5   extension of time to serve the remaining defendants, vacated the March 4, 2020 findings and

6   recommendations, and discharged the March 25, 2020 order to show cause.  (Doc. No. 17.)  The

7   April 27, 2020 order was served on plaintiff by mail and noted that he "has demonstrated a

8   complete disregard for the Federal Rules and orders of this Court," and "his work schedule is not

9   good cause for the multiple failures to comply that are documented here."  (*Id.* at 2–3.)  The

10  magistrate judge once again noted that "although [p]laintiff is proceeding pro se . . .[,] he is

11  required to familiarize himself with the Local Rules . . . and the Federal Rules of Civil

12  Procedure," and that the court "does not have the resources to babysit [p]laintiff to move this

13  matter forward."  (*Id.* at 3.)  The magistrate judge gave plaintiff an additional forty-five days to

14  serve the remaining defendants in this action, and warned him that his failure to do so would

15  "result in the issuance of sanctions, up to and including the dismissal of this action."  (*Id.* at 4.)

16         On May 5, 2020, the County of Fresno—despite not having been served—along with

17  defendants Mendes and Pacheco filed a motion to dismiss this action for failure to state a claim.

18  That motion remains pending and to date, plaintiff has not filed an opposition to that motion, and

19  the timeframe in which to do so has long passed.  (*See* Doc. Nos. 5, 20.)

20         On June 15, 2020—four days after the June 11, 2020 extended deadline to serve the

21  remaining defendants—plaintiff emailed the Clerk of this Court regarding a defect in one of the

22  summonses that was issued in this action.  (Doc. No. 22 at 2–3.)  In its June 17, 2020 order

23  addressing this matter, the magistrate judge noted:

24         Plaintiff has failed to diligently serve the complaint in this action.
            Despite multiple orders directing Plaintiff to serve the defendants, it
25         was not until June 15, 2020, the deadline by which the time to serve
            had been extended, and more than six months after Plaintiff had been
26         ordered to "diligently pursue service of the summons and complaint
            and dismiss those defendants against whom plaintiff will not pursue
27         claims" that Plaintiff informed the Court of the defective summons.

28  (*Id.* at 3.)  Nevertheless, after concluding that the original summonses issued to defendants

3

O'Neill, Perea, Poochigian, and Taniguchi were indeed defective, the magistrate judge directed the Clerk of the Court to reissue corrected summonses to those defendants, and granted plaintiff "one final opportunity" to effectuate service on those defendants within fourteen days of service of the June 17, 2020 order.  (*Id.* at 4.)  The June 17, 2020 order was served on plaintiff by mail.

On June 22, 2020, three summonses were returned to the court executed, indicating that defendants Boregas, McNairy, and Anderson had been served on June 5, 2020.  (Doc. Nos. 24–26.)

On June 26, 2020, the magistrate judge issued findings and recommendations, recommending that defendants Diaz and Larson be dismissed from this action due to plaintiff's failure to serve them in compliance with Rule 4(m).  (Doc. No 27.)  Plaintiff did not file objections to the June 26, 2020 findings and recommendations, despite being granted an opportunity to object.  Those findings and recommendations remain pending before the court.

On June 30, 2020, two summonses were returned to the court executed, indicating that defendants Poochigian and Perea had been served on June 24, 2020.  (Doc. Nos. 28, 29.)

On July 14, 2020, the magistrate judge issued findings and recommendations, recommending that defendants O'Neill and Taniguchi be dismissed from this action due to plaintiff's failure to serve them in compliance with Rule 4(m).  (Doc. No 30.)  Plaintiff did not file objections to the July 14, 2020 findings and recommendations, despite being granted an opportunity to object.  Those findings and recommendations remain pending.

On July 23, 2020, defendants Anderson, Boregas, McNairy, Perea, and Poochigian filed a motion to dismiss this action for insufficient service of process and due to plaintiff's repeated failures to comply with court orders.  (Doc. No. 31.)  To date, plaintiff has not filed an opposition to that motion, which remains pending, and the timeframe in which to do so has now passed.  (*See* Doc. Nos. 5, 33.)

Based on plaintiff's repeated failures to timely comply with court orders, as well his failure to oppose the two pending motions to dismiss, or object to the two sets of findings and recommendations recommending dismissal of four defendants due to his failure to serve them, it appears to the court that plaintiff has abandoned the prosecution of this action.  *See also* L.R.

230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Indeed, plaintiff's last filing in this action was on April 24, 2020, which predates the filing of the pending motions to dismiss and the issuance of the findings and recommendations. "A court may dismiss an action . . . based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules." *Jacobsen v. California*, No. 1:14-cv-00108-JLT, 2017 WL 3668618, at *1 (E.D. Cal. Aug. 24, 2017); *see also Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) ("District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.").

Accordingly, **plaintiff is hereby ordered to show cause in writing within fourteen (14) days of service of this order why this action should not be dismissed due to his failure to prosecute this action**. To the extent that plaintiff believes he has not failed to prosecute this action, he is specifically directed to address his failures to: (1) serve defendants O'Neill, Taniguchi, Diaz, and Larson; (2) comply with court orders, or to otherwise communicate with the court the status of this case; (3) oppose the two pending motions to dismiss; and (4) object to the two pending findings and recommendations. Plaintiff is warned, one final time, that his failure to timely respond to this order will result in dismissal of this action due to his failure to comply with court orders and failure to prosecute.

IT IS SO ORDERED.

Dated:   **August 19, 2020**

_____
UNITED STATES DISTRICT JUDGE