UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JESSE GILLIAM, | No. 1:19-cv-01711-DAD-SAB |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE FOR FAILURE TO RESPOND TO ORDER TO SHOW CAUSE, FAILURE TO PROSECUTE, AND FAILURE TO OBEY COURT ORDERS |
| BARBARA HOPE O'NEILL, et al., | |
| Defendants. | |

On August 20, 2020, the court directed plaintiff Williams Jesse Gilliam, who is proceeding *pro se* in this action, to show cause why this action should not be dismissed due to his failures to prosecute and obey court orders. (Doc. No. 34.) That order outlined plaintiff's repeated failures to prosecute this action and obey court orders, which the court incorporates by reference here. (*See id.* at 1–4.) The order directed plaintiff to show cause in writing within fourteen (14) days of service of the order why this action should be dismissed due to plaintiff's failure to prosecute this action. Well over fourteen days have passed since the issuance of the August 20, 2020 order to show cause, and no response has been filed by plaintiff, nor has he otherwise communicated with the court. For the reasons set forth below, the court will dismiss this action due to plaintiff's failures to prosecute this action, obey court orders, and respond to the August 20, 2020 order to show cause.

In this regard, the Ninth Circuit has stated as follows:

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 841 (9th Cir. 2000).

Moreover, the Local Rules of this court state that the failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. L.R. 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), as amended (May 22, 1992). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

Here, as noted in the August 20, 2020 order to show cause, plaintiff has repeatedly failed to prosecute this action and comply with court orders. His failures include: (1) not serving some of the defendants in this action, despite being granted ample opportunity to do so; (2) not opposing or otherwise responding to two pending motions to dismiss, the granting of which will result in the dismissal of each of the claims plaintiff appears to be asserting in this action; and (3) not objecting to or otherwise responding to two sets of findings and recommendations, which collectively recommend the dismissal of four named defendants due to plaintiff's repeated failures to serve them in compliance with Federal Rule of Civil Procedure 4(m). (*See generally*

/////

1   Doc. No. 34.)  In addition, more than fourteen days have passed since service of the court's order
2   to show cause, and plaintiff has not responded to the court's order or otherwise communicated
3   with the court.  In fact, as noted in the order to show cause, plaintiff has not communicated with
4   the court since April of this year.

5   Accordingly, the court finds that each of the factors outlined by the Ninth Circuit in
6   *Pagtalunan* are met here.  Here, while this case has not been pending long, the public has a great
7   interest in the expeditious resolution of this and all litigation heard in this district, as it has one of
8   the busiest dockets in the country.  *See Ellis v. Checkmate Staffing, Inc.*, No. 2:08-cv-00129-
9   JAM-CKD, 2015 WL 351441, at *2 (E.D. Cal. Jan. 26, 2015); (*see also* Doc. No. 5).  For similar
10  reasons, the court has a strong need to control its docket.  The court is aware of no prejudice to
11  defendants if this action is dismissed.  Finally, there are no less drastic alternatives available to
12  the court when faced with a litigant who simply fails to respond to court orders.  Therefore,
13  considering the factors noted above and that the deadline to respond to the court's order to show
14  cause has passed without response from the plaintiff, the court will dismiss this case.

**ORDER**

For the reasons set forth above,

1. This action is dismissed due to plaintiff's failures to respond to the August 20, 2020 order to show cause, prosecute this action, and obey court orders;
2. The two pending motions to dismiss (Doc. Nos. 18 & 31) are denied as having been rendered moot by the issuance of this order of dismissal;
3. The court declines to adopt the two pending sets of findings and recommendations (Doc. Nos. 27 & 30) as having been rendered moot by the issuance of this order; and
4. The Clerk of the Court is direct to close this case.

IT IS SO ORDERED.

Dated:  **September 9, 2020**

UNITED STATES DISTRICT JUDGE

3